UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

LARRY BAKER, )
 )
      Plaintiff, )
 )
v. ) No. 1:06-cv-15-LMB
 )
VERIZON WIRELESS, )
 )
      Defendant. )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Larry Baker (registration no. 296285) for leave to commence this action without payment of the required filing fee. On January 31, 2006, the Court entered its Order holding in abeyance plaintiff's motion for leave to proceed in forma pauperis, pending receipt of a certified copy of plaintiff's inmate trust fund account statement. On February 3, 2006, plaintiff submitted the requisite account statement; therefore, the Court will now review this action under 28 U.S.C. § 1915.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $158.08, and an average monthly account balance of $29.38. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $31.62, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are

clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

Plaintiff seeks injunctive relief in this action against defendant Verizon Wireless. Specifically, plaintiff seeks production of cell site locations of incoming and outgoing calls on his cell phone on February 8, 2001, through February 9, 2001, between the hours of 11:00 P. M. and 1:00 A. M. Plaintiff states that, prior to plea, he moved for disclosure of all documents and materials that would be used by the State in its prosecution. Plaintiff alleges that he received limited disclosure of cell phone records which did not include cell site locations. Plaintiff alleges that this information was withheld by the State of Missouri in order to obtain a wrongful conviction and that production of this information would completely exonerate him. Plaintiff states that he has no appeal pending.

## Discussion

Plaintiff's complaint is legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B), and must be dismissed. The Court notes that plaintiff attempts to bring this matter under 18 U.S.C. § 2703(d), but § 2703(d) is a criminal statute, which provides for a court order for disclosure of customer communications or records to a "governmental entity" only. 18 U.S.C. § 2703(d). Thus, § 2703(d) does not provide plaintiff a private cause of action against defendant Verizon Wireless. Therefore, the Court will liberally construe plaintiff's claim as arising under 42 U.S.C. § 1983.

In order to state a § 1983 claim, plaintiff must establish that a person acting under color of state law committed the actions which form the basis of his complaint. *See Parratt v.*

*Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). Plaintiff has alleged no facts to indicate that defendant Verizon Wireless, a private telecommunications company, is a state actor for purposes of § 1983.

Moreover, the gravamen of plaintiff's complaint appears to be that he is innocent of the crime for which he was convicted in state court and that the cell phone records he seeks from defendant Verizon Wireless would corroborate his alibi. To the extent that judgment in favor of plaintiff would render invalid or call into question his criminal conviction or sentence, his § 1983 claim would be barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364 (1994), because he has not shown that his criminal conviction or sentence has been reversed on appeal, expunged by executive order, or otherwise declared invalid. 512 U.S. at 487, 114 S.Ct. at 2372.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] be **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $31.62 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon

which relief may be granted, or both.  *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 17th day of February, 2006.

_____
**UNITED STATES DISTRICT JUDGE**